*Harlan & Harlan, for appellants.*

---

JOHN M. GRAHAM, Etc., *v.* A. A. GORDON, Etc.

**Officers — Constable — Jurisdiction — Collection.**
> The *prima facie* presumption is that a constable would not undertake to collect claims from persons who were not within his jurisdiction.

**Destruction of Records — Oral Testimony.**
> Oral testimony is competent to prove the execution of a constable's bond and his qualifications where the archives of the county clerk's office have been destroyed.

APPEAL FROM MARION CIRCUIT COURT.

January 4, 1867.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The objections urged against the petition are all unavailing. The *prima facie* presumption is that the constable would not have undertaken to collect claims on persons beyond his official power, and that, therefore, all the persons whom he promised to collect from were within his jurisdiction. An express averment to that effect was not, therefore, necessary, and if, in any instance, a debtor did not reside in Marion the fact was pleadable, and a failure to suggest it implies that the legal presumption was true. And the appellant's counsel is not warranted in assuming that the petition fails to allege collection by the constables. It not only shows statutory liability by the fact that 120 days had elapsed from the date of the undertaking to collect, but it explicitly " *charges* " the collection of all the claims. And the constable's failure to answer admits all those allegations.

Noble's testimony was competent. The destruction of all the archives in the County Court clerk's office legalized his oral testimony of the execution of the constable's bond, and that also of the sureties, and of the constable's qualification, and he sufficiently

proved the demand of payment, and also the amount put into the constable's hands for collection, and which sustains the verdict and judgment.

Wherefore, the judgment is affirmed.

*Roundtree & Fogle, for appellants.*

*Noble, for appellees.*